```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                         SOUTHERN DIVISION
                             LONDON
```

| | | |
|---|---|---|
| JACK E. HOWTON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-CV-277-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA BUTLER, Warden, and | ) | **MEMORANDUM OPINION** |
| THOMAS JAHR, Supervisory Chaplain, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

In December 2016, federal prisoner Jack E. Howton filed a civil rights complaint with this Court. [R. 1]. In that complaint, Howton sued the Warden and Supervisory Chaplain at the Federal Correctional Institution (FCI) in Manchester, Kentucky, alleging that they violated his federal statutory and constitutional rights by failing to provide him buffalo meat for a ceremonial dinner at which he and other inmates observed their Native American religious beliefs. [R. 1]. Howton failed to identify the relief he was seeking, and the Court construed his complaint as one pursuing injunctive relief. [R. 6.] It does not appear that Howton ever disagreed with this characterization of his complaint. In fact, in a later submission, Howton made it clear that he was simply asking the Court to order prison officials to supply him and other inmates with certain traditional foods, including buffalo meat. [R. 13 at 12.]

The defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. [R. 10.] Shortly thereafter, Howton submitted a change of address, indicating that he had been transferred to the Federal Medical Center (FMC) in Lexington, Kentucky. [R. 11.]

Howton then filed a response to the defendants' motion [R. 15], and the defendants filed their reply [R. 21.] Thus, the defendants' motion is now ripe for a decision.

The Court, however, will not reach the merits of the defendants' motion because Howton's claim for injunctive relief against the Warden and Supervisory Chaplain at FCI – Manchester is moot given that he is no longer being held at that facility. The Sixth Circuit has made it clear that "a prisoner's claim for declaratory and injunctive relief against certain prison officials [becomes] moot once the prisoner [is] transferred from the prison of which he complained to a different facility." *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that the inmate's claims for injunctive relief were rendered moot upon the inmate's transfer from the prison about which he complained). Pursuant to this principle, Howton's complaint is moot because he seeks injunctive relief against prison officials at a facility where he is no longer being held.

The Court recognizes that there is a narrow "exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette v. Hemingway*, 65 F. App'x 929, 931 (6th Cir. 2003). This exception, however, is limited to situations in which there is "a reasonable expectation that the same complaining party would be subjected to the same litigation again." *Id.* And, in this case, it is not clear whether Howton will face the same situation at FMC - Lexington. That is because officials at FMC – Lexington are not part of this litigation and, thus, they have not formally said whether they would provide Howton buffalo meat for the annual ceremonial dinner. While the defendants briefly claimed six months ago that buffalo meat is "not served at any of the correctional facilities located within the Eastern District of Kentucky" [R. 10-1 at 13 n. 10], it is certainly possible that prison officials at FMC – Lexington will now provide Howton with the traditional food he is requesting. After all, in *Haight v.*

*Thompson*, 763 F.3d 554, 564-65 (6th Cir. 2014), the Sixth Circuit indicated that state prison officials imposed a substantial burden on inmates when they denied the inmates' request for traditional foods at their annual Native American celebration. Plus, after the Sixth Circuit remanded that matter for further proceedings, the prison officials and inmates came to an agreement regarding which traditional foods would be served at the annual celebration. *See Haight v. Thompson*, No. 5:11-cv-118 (W.D. Ky. 2017) at R. 121. In light of this recent development in an analogous case, it is possible that prison officials at FMC – Lexington will respond favorably to Howton's requests.

In summary, Howton's current complaint is moot because he is seeking injunctive relief against prison officials at FCI – Manchester, a facility where he is no longer being held. That said, Howton may pursue his administrative remedies at FMC – Lexington and, once he has exhausted those remedies, he may file a new complaint if he so chooses.

Accordingly, **IT IS ORDERED** that:

1. Howton's claims against the named defendants [**R. 1**] are **DISMISSED WITH PREJUDICE**.

2. All pending motions are **DENIED** as moot.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Howton may pursue his administrative remedies at FMC – Lexington and, once he has exhausted those remedies, he may file a new complaint if he so chooses.

5. A corresponding judgment will be entered this date.

This the 16th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge